# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Darral Ellis, | Case No.: 2:19-cv-00728-APG-NJK |
| Plaintiff | **Screening Order** |
| v. | |
| Dr. Mivev, | |
| Defendant | |

Plaintiff Darral Ellis is in the custody of the Nevada Department of Corrections (NDOC). He has submitted a civil rights complaint under 42 U.S.C. § 1983 and has filed two applications to proceed in forma pauperis[1] and a motion for appointment of counsel. ECF Nos. 1, 1-1, 5, 5-1. I now screen Ellis's civil rights complaint under 28 U.S.C. § 1915A and address the applications and motion.

**I.  IN FORMA PAUPERIS APPLICATIONS**

Ellis's applications to proceed in forma pauperis are granted. ECF Nos. 1, 5.  Ellis is not able to pay an initial installment payment toward the full filing fee under 28 U.S.C. § 1915.  He will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available.

**II.  SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity.

---

[1] Ellis's application to proceed in forma pauperis is complete when looking at both ECF Nos. 1 and 5.

*See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act (PLRA) requires a federal court to dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In

making this determination, the court takes as true all allegations of material fact stated in the complaint and construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

/ / / /

## III. SCREENING OF COMPLAINT

Ellis sues defendant Dr. Mivev for events that took place while Ellis was incarcerated at High Desert State Prison (HDSP). ECF No. 1-1 at 1. Ellis alleges one count and seeks monetary damages. *Id.* at 4, 9.

The complaint alleges the following: HDSP nurses worked under Dr. Mivev. *Id.* at 3. On October 17, 2019, when Ellis arrived at HDSP, prison officials instructed all inmates to take showers and remove all facial hair. *Id.* at 4. This took place less than five feet away from a nurse conducting blood draws. *Id.* The nurse did not change her gloves in between patients in this unsanitary area. *Id.* Medical personnel had to recollect blood because most of the inmates' blood was contaminated. *Id.* This was malpractice and violated Ellis's Eighth Amendment rights. *Id.*

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and

(b) harm caused by the indifference." *Id*. "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id*. (internal quotations omitted). When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

A "complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

Ellis fails to allege a colorable claim for Eighth Amendment deliberate indifference to serious medical needs. First, he fails to state a claim against Dr. Mivev because Ellis fails to allege that Dr. Mivev knew about how the nurses were conducting blood draws or the conditions of Ellis's particular blood draw (if Ellis's blood was, in fact, drawn).[2] *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that "[a] supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under

---

[2] Ellis's complaint does not actually allege his blood was drawn at HDSP. Rather, he seems to be complaining about the nurses' general blood draw practices that he observed while being forced to shower and cut facial hair. ECF No. 1-1 at 3-4. If his blood was not drawn in this fashion, he likely lacks standing to bring his complaint. For purposed of the analysis in this order, I will assume his blood was drawn.

5

[§]1983"). Second, even if Dr. Mivev knew about Ellis's particular blood draw, Ellis fails to establish that: (a) Dr. Mivev or the nurse purposefully failed to respond to a possible medical need of Ellis, or (b) Dr. Mivev or the nurse caused Ellis any harm from the blood draw. Lastly, Ellis cannot raise a medical malpractice claim under the Eighth Amendment. As such, I dismiss the Eighth Amendment claim with prejudice as amendment would be futile because Ellis's allegations sound in negligence rather than deliberate indifference.

To the extent that Ellis seeks to raise a state law medical malpractice claim in this case, he fails to do so under Nevada Revised Statutes Chapter 41A. With regard to medical malpractice claims, Nevada Revised Statutes § 41A.071 requires that:

> [T[he district court shall dismiss the action, without prejudice, if the action is filed without an affidavit that . . . Supports the allegations contained in the action; . . . Is submitted by a medical expert who practices or has practiced in an area that is substantially similar to the type of practice engaged in at the time of the alleged professional negligence; . . . Identifies by name, or describes by conduct, each provider of health care who is alleged to be negligent; and . . . Sets forth factually a specific act or acts of alleged negligence separately as to each defendant in simple, concise and direct terms.

Nev. Rev. Stat. § 41A.071(1)-(4). A complaint that does not contain this affidavit "is void ab initio, meaning it is of no force and effect." *Washoe Med. Ctr. v. Second Judicial Dist. Court of State of Nev. ex rel. Cty. of Washoe*, 148 P.3d 790, 794 (Nev. 2006) (stating that "[b]ecause a complaint that does not comply with NRS 41A.071 is void ab initio, it does not legally exist and thus it cannot be amended"). Because Ellis did not file the required affidavit (*see* ECF No. 1-1), I must dismiss the medical malpractice claim without prejudice and without leave to amend.

**IV.     MOTION FOR APPOINTMENT OF COUNSEL**

Ellis moves for appointment of counsel. ECF No. 5-1. A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v.*

6

*Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. "Neither of these considerations is dispositive and instead must be viewed together." *Id*. I do not find exceptional circumstances that warrant the appointment of counsel for Ellis in this case. I deny the motion for appointment of counsel.

## V. CONCLUSION

I therefore order that Ellis's applications to proceed in forma pauperis **(ECF Nos. 1, 5) are granted**. Ellis is not required to pay an initial installment fee. Nevertheless, the full filing fee is still due under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act. Ellis is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or giving security. This order granting in forma pauperis status shall not extend to the issuance or service of subpoenas at government expense.

I further ordered that, under 28 U.S.C. § 1915 as amended by the Prison Litigation Reform Act, the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **Darral Ellis, #1206066** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid. The Clerk of the Court shall send a copy of this order to the Finance Division of the Clerk's Office. The Clerk shall send a copy of this order to the attention of Chief of Inmate Services for the Nevada Department of Prisons, P.O. Box 7011, Carson City, NV 89702. Even

7

though I am dismissing this action, the filing fee is still due, based on 28 U.S.C. §1915 as amended by the Prison Litigation Reform Act.

I further order the Clerk of the Court to file the complaint (ECF No. 1-1) and send Ellis a courtesy copy.

I further order that the complaint **(ECF No. 1-1) is dismissed** in its entirety without leave to amend for failure to state a claim. Defendant Dr. Mivev is dismissed from the case.

I further order that the motion for appointment of counsel **(ECF No. 5-1) is denied**.

I further order the Clerk of the Court to close the case and enter judgment accordingly.

I further certify that any in forma pauperis appeal from this order would not be taken "in good faith" under 28 U.S.C. § 1915(a)(3).

Dated: March 26, 2020

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE